Ex Parte Willie West KING.

No. 72469.

Court of Criminal Appeals of Texas.

Sept. 11, 1996.

---

Willie King West, Lovelady, pro se.

Ricky B. Smith, District Attorney, Lamesa, Matthew Paul, State's Attorney, Austin, for State.

### OPINION

PER CURIAM.

This is an application for a writ of habeas corpus transmitted to this Court pursuant to Article 11.07, V.A.C.C.P. Applicant was convicted of the offense of injury to a child and punishment was assessed at confinement for ten years. No appeal was taken from this conviction.

Applicant contends that he was arrested while on parole on the authority of a parole revocation warrant and that he has been held in excess of 120 days without a parole revocation hearing having been held, as required by Article 42.18, § 14(a), V.A.C.C.P. The trial court did not hold a hearing but corroborated the facts as alleged by Applicant. Applicant is entitled to relief.

Article 42.18, § 14(a), supra, states, in pertinent part:

> The panel or designee may hold the hearing at a date later than the date otherwise required by this section if it determines a delay is necessary to assure due process for the person, except that the authority issuing the warrant shall immediately withdraw the warrant if the hearing is not held before the 121st day after the date of the arrest.

In the instant case it is undisputed that more than 120 days have elapsed since Applicant's arrest.

Therefore, the issuing authority, the Parole Division of the Texas Department of Criminal Justice, is ordered to immediately withdraw the warrant under which Applicant is being held, unless the revocation hearing has been held by the date of this opinion, and to release Applicant without delay.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice, Institutional and Pardons and Paroles Divisions. No motions for rehearing of this opinion will be entertained.